**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAY MCKINLEY BOWEN, | No. 08-16353 |
| Petitioner - Appellant, | D.C. No. 1:07-CV-00366-DLB |
| v. | |
| DARRELL G. ADAMS, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

California state prisoner Ray McKinley Bowen appeals from the district

court's denial of his 28 U.S.C. § 2254 petition challenging his jury-trial conviction

for kidnapping, making a criminal threat, and inflicting corporal injury on a spouse

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

or cohabitant, for which he was sentenced to 23 years, four months in prison. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

Bowen contends that the trial court's selection of an upper-term sentence on the kidnapping count violated his Sixth and Fourteenth Amendment rights as established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). *See Cunningham v. California*, 549 U.S. 270, 288-89, 293 (2007) (holding that California's determinate sentencing law, permitting imposition of an upper-term sentence on the basis of aggravating circumstances not found by the jury, "violates *Apprendi*'s bright-line rule").

It is unnecessary to decide whether Bowen's kidnapping sentence was imposed in violation of *Apprendi* because any error was harmless in light of Bowen's undisputed history of parole and probation violations, on which the trial court relied in part in setting Bowen's sentence. *See Butler v. Curry,* 528 F.3d 624, 642, 648 (9th Cir. 2008) ("Any *Apprendi* error [is] harmless if it is not prejudicial as to just one of the aggravating factors at issue[,]" as the presence of one such factor serves to "set the upper term as the statutory maximum."). In determining harmlessness, the question is not, as Bowen suggests, whether the trial court would have imposed an upper-term sentence on the basis of just one aggravating factor; it is rather whether the jury would likely have found one such factor beyond a

reasonable doubt.  *See Butler,* 528 F.3d at 648-49.  Because there can be no question that the jury would have found Bowen's history of parole and probation violations established beyond a reasonable doubt, any *Apprendi* error did not have a "substantial and injurious effect" on Bowen's sentence.  *See Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).

**AFFIRMED.**